IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVE SCHUBERT, ON BEHALF OF § <br> HIMSELF AND ALL OTHERS § <br> SIMILARLY SITUATED, § <br>    *Plaintiff*, § <br> § <br> v. § <br> § <br> OMEGA PROJECT SOLUTIONS, INC., § <br>    *Defendant*. § | CIVIL ACTION NO. 4:18-CV-1372 <br><br> JURY TRIAL DEMANDED |

**JOINT AND AGREED
MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Steve Schubert and Opt-in Plaintiff Randy Gilpin (collectively, "Plaintiffs") and Defendant Omega Project Solutions, Inc. ("Defendant" or "Omega") (collectively as "the Parties"), by and through their undersigned counsel, hereby jointly move the Court for approval of the Confidential Settlement Agreement and Release (the "Settlement Agreement") attached under seal as Exhibit A. Contingent upon this Court's approval of the Settlement Agreement and Omega's payment of the settlement funds, the Parties intend to stipulate to the dismissal, with prejudice, of Plaintiffs' claims against Omega pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

**RELEVANT BACKGROUND**

Plaintiff Steve Schubert filed his Original Collective Action Complaint on April 30, 2018. [Doc. No. 1]. Plaintiff's complaint alleges that Omega misclassified Plaintiff and other individuals performing inspections for oil and gas companies throughout the United States as independent contractors and failed to pay appropriate overtime wages when they worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 *et seq*. [Doc. 1, ¶¶ 1-3]. Omega filed its Answer and Affirmative Defenses to Plaintiff's Original Collective Action Complaint on August 15, 2018. [Doc. No. 14]. On

1

December 21, 2018, the Parties filed a Joint Stipulation Regarding Conditional Certification and Notice to Potential Class Members. [Doc. No. 34]. On December 28, 2018, the Court entered the Parties' stipulation and conditionally certified this matter as a collective action under 29 U.S.C. §216(b) with respect to all current and former non-supervisory welding and coating/painting inspectors who worked for Omega during the three-year period before the filing of the complaint. [Doc. No. 35]. On January 30, 2019, opt-in Plaintiff Randy Gilpin consented to join this lawsuit [Doc. Nos. 36 and 36-1].

Omega has answered Plaintiffs' complaint, denied Plaintiffs' claims, and asserted various defenses. In addition, Omega maintains that Plaintiffs' claims involve overwhelmingly individualized issues and are not susceptible of either class or collective treatment. On or about May 15, 2019, the Parties reached an agreement to resolve all claims in this case. A true and correct copy of the resulting Settlement Agreement is attached under seal as Exhibit A. The Parties and their respective Counsel agree the Settlement Agreement is a fair and reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigation risks, and the litigation costs to the Parties.

## CITATION OF AUTHORITY

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Pedigo v. Austin Rumba, Inc.,* 722 F.Supp.2d 714, 736 (W.D.Tex.2010) (quoting *Villeda v. Landry's Rests., Inc. .,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct.7, 2009)). "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action...Rather[,] the Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Sims v. Hous. Auth. City of El Paso,* EP–10–CV–109–PRM, 2012 WL 10862119, at *2

(W.D.Tex. Feb.29, 2012). "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is fair and reasonable resolution of a bona fide dispute over the FLSA's provisions." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09–682, 2010 WL 1688793, at *1 (M.D.La. Apr. 26, 2010). The Settlement Agreement agreed to by the Parties is a fair and reasonable resolution to this case because uncertainty exists in this case with respect to the disputes of fact and law. *Abernathy v. Becon Constr. Co., Inc.*, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016) ("If a settlement reflects a 'reasonable compromise over issues', the court may approve it…The Fifth Circuit has stated that a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability.").

## ARGUMENTS FOR RELEASE OF FLSA CLAIMS

Plaintiffs allege they were misclassified as an independent contractors and have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week. [*See* Doc. No. 1]. Plaintiffs further allege that Omega willfully violated these obligations and that they are entitled to unpaid overtime, liquidated damages, and attorneys' fees. *Id.*

By contrast, Omega asserts multiple affirmative defenses and denies that Plaintiffs or any other employees regularly worked more than forty (40) hours per work week and that they were not entitled to overtime because they were exempt from the FLSA's overtime requirements. [*See* Doc. No. 14]. Omega further denies any willful violation of these obligations and maintains that even if Plaintiff's allegations were correct, which Omega believes they are not, Omega acted in good faith and Plaintiffs cannot establish that Omega engaged in willful conduct within the

meaning of the FLSA and therefore cannot recover damages beyond the two-year limitations period or liquidated damages. *Id.*

Given the above bona fide disputes surrounding liability and damages, including a dispute over the classification of Plaintiffs, the hours worked by Plaintiffs and wages due to Plaintiffs, the Parties believe the instant settlement is fair and reasonable under the facts and circumstances of this particular case. Accordingly, the Parties respectfully request that this Court sign the attached order approving the settlement.

## ATTORNEYS' FEES AND COSTS

Plaintiff's Counsel now moves the Court for an award of attorneys' fees and costs not to exceed forty percent (40%) of the Settlement Amount plus reimbursement of costs. Defendant does not object to Plaintiff's Counsel's request for fees and costs.

Plaintiff's Counsel represents that Plaintiff Schubert executed a contingency fee agreement to pay counsel 40% of the gross recovery plus costs. The 40% contingency is within the normal range for contingency fee awards. *See Quintanilla v. A&R Demolition Inc.*, No. H-04-1965, 2008 WL 9410399 (S.D. Tex. May 7, 2008) (approving 40% contingency fee in an FLSA collective action settlement); *Hanson et al v. Camin Cargo Control, Inc.*, No. Civ. A. 4:13-cv-00027 (S.D. Tex. 2015), Docs. 113 & 116 (approving 40% contingency fee in an FLSA collective action); *LaCombe v. Applus Velosi America, LLC*, No. 3:16-cv-00062 (S.D. Tex. May 30, 2018), Docs. 55 & 58 (approving 40% contingency fee in FLSA collective action).[1] Both Plaintiff Schubert and Opt-in Plaintiff Gilpin individually signed the settlement agreement at issue, and each individually approved of the attorneys' fees requested herein. Further support for the requested attorney's fee award is provided in the Declaration of Carl A. Fitz, attached under seal as Exhibit C to this Joint Motion.

---

[1] *See* Exhibit B, cited authorities.

Ultimately, the attorneys' fees requested by Plaintiffs' Counsel should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing the potential fees. As the Manual for Complex Litigation recognizes, "one purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation." Manual for Complex Litigation (4th) § 14.121. Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendant could have succeeded. Therefore, the Plaintiffs were at great risk for non-payment. This risk of non-payment strongly supports the amount requested here.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the below Proposed Order, approving the Parties' settlement and dismissing the action with prejudice.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**


By: */s/ Diana Pérez Gomez*
    Diana Pérez Gomez
    State Bar No. 24041674
    Fed ID No. 606231
    diana.gomez@chamberlainlaw.com
1200 Smith, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Facsimile: (713) 658-2553

**ATTORNEY-IN-CHARGE FOR DEFENDANT OMEGA PROJECT SOLUTIONS, INC.**

**KENNEDY HODGES, L.L.P.**

By:   */s/ Carl A. Fitz\**
      Galvin B. Kennedy
      Texas State Bar No. 00796870
      Federal ID No. 20791
      gkennedy@kennedyhodges.com
      Carl A. Fitz
      Texas State Bar No. 24105863
      Federal ID No. 3158237
      cfitz@kennedyhodges.com
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

On multiple occasions and most recently on July 2, 2019, counsel for Defendant and counsel for the Plaintiffs conferred regarding the relief sought in this Motion. The Motion is unopposed, and the Parties have agreed to file this Motion jointly.

*/s/ Diana Pérez Gomez*
Diana Pérez Gomez

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Federal Rule of Civil Procedure 5, on July 2, 2019 to all counsel of record.

Galvin B. Kennedy
Carl A. Fitz
KENNEDY HODGES, L.L.P.
4409 Montrose Blvd., Suite 200
Houston, Texas 77006

*/s/ Diana Pérez Gomez*
Diana Pérez Gomez

6